IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIVINGSTON EMENYI | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-00018-B |
| | § | |
| U.S. BANK, N.A. AND A&R TEXAS | § | |
| PROPERTIES LLC | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Livingston Emenyi, Plaintiff herein, filing this his First Amended Complaint against U.S. Bank, N.A. and A&R Texas Properties LLC, Defendants herein, and for causes of action would respectfully show the Court as follows:

### PARTIES

1. Livingston Emenyi is an individual who resides in Dallas County, Texas and may be served with process on the undersigned legal counsel.

2. U.S. Bank, N.A. has already made an appearance in this matter.

3. A&R Texas Properties LLC has already made an appearance in this matter.

### JURISDICTION AND VENUE

4. The parties agree that this Court has jurisdiction and venue over the parties as well as the subject matter of this lawsuit.

### RELEVANT FACTS

5. The subject matter of the lawsuit is the real property and the improvements thereon located at 249 Westbury Drive, Coppell, TX 75019 (the "Property").

6. Livingston Emenyi ("Emenyi") and his wife Roseline A. Emenyi purchased the Property on or about June 21, 2011. During the process of purchasing the Property, Emenyi executed a Note ("Note") in the amount of $245,000.00 as well as a Deed of Trust ("Deed of Trust") in which U.S. Bank, N.A. (U.S. Bank) is listed as the Lender. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "1" and incorporated herein for all purposes.

7. Emenyi began to have financial difficulties in August 2017. Realizing that he may soon become in default on his mortgage payments, Emenyi entered into debt restructuring negotiations with U.S. Bank in order to modify the terms and conditions of his loan.

8. Emenyi was offered a loan modification by Nationstar during October 2017. Emenyi submitted a complete loan modification application as well as all the required documents by facsimile on October 29, 2017 - this was Emenyi's first loan modification application. Emenyi called U.S. Bank on November 1, 2017 to verify that the application had been received. A U.S. Bank representative confirmed receipt, that the application was complete, and informed Emenyi that a U.S. Bank supervisor would promptly review his loan modification application.

9. Emenyi immediately expressed his concern regarding the Notice of Acceleration and Notice of Substitute Trustee's Sale he received on October 14, 2017 - which was the first notice he received regarding any type of default of his mortgage. A true and correct copy of the Notice of Acceleration and the Notice of Substitute Trustee's Sale is attached hereto as Exhibits "2" and "3" respectively and incorporated herein for all purposes. The U.S. Bank representative assured Emenyi that the deadline to submit all loss mitigation applications was November 3, 2017 in order to prevent the November 7, 2017 foreclosure sale. Therefore, because Emenyi submitted a complete loan modification application on October 29, 2017, U.S. Bank was required to review his loan modification application, accept or deny the application, and allow a 30 day period for Emenyi to appeal that decision (if it was denied) before U.S. Bank could foreclose on his Property. Further, the U.S. Bank representative stated that she was memorializing the conversation in her notes and contemporaneously drafting an agreement to that effect which would be signed by her supervisor and mailed to Emenyi - Emenyi continues to await that agreement as well as an acceptance or denial of his loan modification application.

10. Emenyi was also receiving offers from investors to purchase his Property - a short sale. U.S. Bank had informed Emenyi that a short sale of the Property was another option to prevent the foreclosure sale of his Property as long as the required documents were submitted prior to November 3, 2017. As the circumstances progressed, Emenyi decided that the more

options he created for himself to save his home and/or remain out of foreclosure the safer he was. Emenyi began negotiations with one of the investment companies pursuing his Property, Christian Consultants of Texas, LLC ("Christian Consultants").  Emenyi and Christian Consultants agreed on a price, filled out all the documents necessary for the short sale, and sent the required documents by facsimile to U.S. Bank on October 29, 2017 at 11:45 p.m. for approval.   Emenyi called U.S. Bank on October 30, 2017 and a U.S. Bank representative confirmed receipt of the documents for the short sale.  A true and correct copy of the related Authorization to Furnish and Release Information is attached hereto as Exhibit "4" and incorporated herein for all purposes.

   11. Emenyi and Christian Consultants contacted U.S. Bank multiple times between October 30, 2017 and November 6, 2017 requesting U.S. Bank to send the required documents to complete the sale but U.S. Bank refused to cooperate.

   12. On November 6, 2017, Emenyi spoke with a U.S. Bank representative, Crystal Young ("Young"), and her supervisor, Sana Rankin ("Rankin"), who informed Emenyi that Rankin was personally working on approving his loan modification application, that it would be approved by the end of the day, and Rankin would cancel the foreclosure sale upon approval. Accordingly, Emenyi contacted the Trustee responsible for conducting the foreclosure of the Property, William G. Malcolm ("Malcolm"), on November 7, 2017 to confirm that the Property had been pulled from the foreclosure sale but Emenyi was informed that U.S. Bank had not sent any such notice to Malcolm.

   13. Despite U.S. Bank's  assurances to Emenyi that they would not foreclose on his Property while he was in loan modification status as well as the contract that was in place for a short sale  of the Property, U.S. Bank conducted a foreclosure sale of Emenyi's Property on November 7, 2017.  A&R Texas Properties LLC purchased the Property at the foreclosure sale and initiated eviction proceedings against Emenyi in Cause No. JE17-02849A; A&R Texas Properties LLC v. Roseline A. Emenyi and Livingston Emenyi; In the Justice Court of Dallas County, Texas - Precinct 3, Place 1 - scheduled to be heard on December 8, 2017 at 10:00 a.m.  A true and correct copy of the Petition for Eviction is attached hereto as Exhibit "5" and

incorporated herein for all purposes.

14. Further, U.S. Bank violated Emenyi's due process rights by selling his Property at a foreclosure sale on November 7, 2017 without sending Emenyi proper and timely notice of default, the opportunity to cure the default, and notice of intent to accelerate the debt prior to the foreclosure sale as required by the Texas Property Code.

15. Accordingly, Plaintiff alleges that U.S. Bank wrongfully sold his Property at a foreclosure sale on November 7, 2017 in violation of the agreements of the parties, the Texas Property Code, and RESPA.

## FIRST CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH A CONTRACT

16. To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

17. The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute a tortuous interference with a contract because:

    A. Emenyi had an existing contract subject to interference;

    B. U.S. Bank willfully and intentionally acted to interfere with the contract;

    C. That act proximately caused Emenyi's injury; and

    4. Caused Emenyi's actual damages or loss - the loss of his Property.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

18. To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

19. The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute breach of contract because:

    A. There exists a valid, enforceable contract between Emenyi and U.S. Bank;

    B. Emenyi has standing to sue for breach of contract;

    C. Emenyi performed, tendered performance, or was excused from performing his contractual obligations;

    D. U.S. Bank breached their contract; and

    E. The breach of contract by U.S. Bank caused Emenyi's injury - the loss of his home.

### THIRD CAUSE OF ACTION: COMMON LAW FRAUD

20. To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

21. The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute common law fraud because U.S. Bank made false and material representations to Emenyi when assuring Emenyi that they would take no action to foreclose on his home while he was in loan modification status - Emenyi's account was still being reviewed for a loan modification yet U.S. Bank sold his Property at a foreclosure sale on November 7, 2017. U.S. Bank knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, U.S. Bank made these representations with the intent that Emenyi act on them and Emenyi relied on these representations which caused Emenyi's injury - the loss of his home.

**FOURTH CAUSE OF ACTION:**
**PROMISSORY ESTOPPEL**

22. To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

23. The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute promissory estoppel because:

    A. U.S. Bank made a promise to Emenyi;

    B. Emenyi reasonably and substantially relied on the promise to his detriment;

    C. Emenyi's reliance was foreseeable by U.S. Bank; and

    D. Injustice can be avoided only by enforcing U.S. Bank's promise.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF TEXAS PROPERTY CODE §5.065**

24. To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

25. Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

26. The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute a violation of the Texas Property Code §5.065 because U.S. Bank never sent proper notice of default, the opportunity to cure the default, and notice of intent to accelerate the debt which would allow U.S. Bank to foreclose.

## SIXTH CAUSE OF ACTION: VIOLATION OF RESPA/REGULATION X

27. To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

28. The Real Estate Settlement Procedures Act ("RESPA") dictates that "[a] loan servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." 12 C.F.R. § 1024.41 (b)(1). Additionally, a loan servicer must "[n]otify the borrower in writing within 5 days after receiving the loss mitigation application ... that the servicer has determined that the loss mitigation application is incomplete". *Id*. § 1024.41(b)(2)(i)(B).

29. Further, RESPA prohibits a loan servicer from *making* the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process if the borrower submits a "complete loss mitigation application" during the 120-day pre-foreclosure review period or before the servicer has made the first notice of filing. *Id*. § 1024.41 (f). Additionally, RESPA prohibits a loan servicer from *moving* for foreclosure if the borrower submits a "complete loss mitigation application" after the servicer has made the first notice or filing but more than 37 days before a foreclosure sale unless:

    (a) the servicer has sent the borrower a notice that the borrower is not eligible for any loss mitigation option and the appeal process of the pertinent section is not applicable;

    (b) the borrower has not requested an appeal within the applicable time period, or

    (c) the borrower's appeal has been denied. Id. § 1024.41 (f) - (g).

30. The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute violations of RESPA because:

    A.    Emenyi was working with U.S. Bank pursuing loss mitigation options;

    B.    Emenyi submitted a complete loss mitigation application;

    C.    Emenyi never received written notice of denial of his loan modification application;

    D.    Emenyi was never provided a reason why his application was denied;

    E.    Emenyi was never provided the opportunity to appeal that decision prior to U.S. Bank posting the Property for foreclosure sale; and

    F.    U.S. Bank completed the violation by selling Emenyi's Property at the foreclosure sale on November 7, 2017.

**SEVENTH CAUSE OF ACTION:**
**SUIT TO QUIET TITLE**

31.    To the extent not inconsistent herewith, Livingston Emenyi ("Emenyi") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

32.    The actions committed by A&R Texas Properties LLC ("A&R") necessitate a suit to quiet title because:

    A.    Emenyi has an interest in specific real property;

    B.    Title to the specific real property is affected by a claim by A&R; and

    C.    The claim, although facially valid, is invalid or unenforceable.

**DAMAGES:**
**ACTUAL DAMAGES**

33.    Plaintiff is entitled to recover his actual damages from U.S. Bank, N.A. and A&R Texas Properties LLC for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**NOMINAL DAMAGES**

34. Plaintiff is entitled to recover his nominal damages from U.S. Bank, N.A. and A&R Texas Properties LLC associated with Plaintiff's cause of action for Violation of RESPA/Regulation X, for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**EXEMPLARY DAMAGES**

35. Plaintiff is entitled to recover his exemplary damages from U.S. Bank, N.A. and A&R Texas Properties LLC for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**ATTORNEYS' FEES**

36. Plaintiff was forced to employ the undersigned attorneys to represent him and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final hearing or trial hereof, the Court enter an order rescinding the foreclosure of the Property located at 249 Westbury Drive, Coppell, TX 75019 which occurred on November 07, 2017 as well as a judgment in favor of Livingston Emenyi against U.S. Bank, N.A. and A&R Texas Properties LLC, jointly and severally, for his actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

VILT AND ASSOCIATES, P.C.

By: /s/ *Robert C. Vilt*
Robert C. VILT
Texas Bar Number 00788586
Federal Bar Number 20296
Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:	713.840.7570
Facsimile:	713.877.1827
KERRY PRISOCK
Texas Bar Number 24082005
Email: kerry@viltlaw.com
Richardson Telecom
2435 North Central Expressway, Suite 1200
Richardson, Texas 75080
Telephone:	1.844.411.9458
Facsimile:	1.844.875.3062
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2018 the foregoing was filed with the Court via the CM/ECF system and that the Clerk of the Court will forward a copy of same to the following CM/ECF users:

Marc D. Cabrera
Jason A. LeBoeuf
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

*/s/ Robert C. Vilt*
ROBERT C. VILT